**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Andrea Denise Simpkins, | Civil Action No. 8:09-855-MBS |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

On April 2, 2009, Plaintiff Andrea Denise Simpkins filed the within action pursuant to 42 U.S.C. § 1621(c)(3) of the Social Security Act, as amended (the "Act") seeking judicial review of a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for supplemental security income benefits ("SSI") under Title XVI of the Act.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On November 12, 2009, Plaintiff filed her brief addressing the issues in the case. On December 24, 2009, Defendant filed a Memorandum in Support of the Commissioner's Decision. On May 13, 2010, the Magistrate Judge filed a Report and Recommendation recommending that Defendant's decision to deny benefits be reversed and remanded "so that the [Administrative Law Judge ("ALJ")] can explain why he chose to reject" a portion of the treating physician's opinion. On June 1, 2010, Defendant filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or

in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

I. FACTS

On August 20, 2004, Plaintiff filed an application for SSI, alleging disability beginning on July 13, 2004. R. at 75-76. Plaintiff was thirty-four years old at the time of the filing of her SSI application. R. at 17. Plaintiff alleged in her application that she was disabled due to a slipped disc in her back, obesity, severe depression and suicidal tendencies. R. at 90. On June 2, 2005, Plaintiff's claim was denied. R. at 52. On September 9, 2005, Plaintiff's claim was denied again upon reconsideration. R. at 53. On September 22, 2005, Plaintiff timely requested a hearing on her application. R. at 63. On February 15, 2007, a hearing was held before an ALJ at which Plaintiff and Thomas C. Neil, a vocational expert, testified. R. at 20.

At the hearing, Plaintiff submitted medical records as exhibits. The medical records indicate that Plaintiff was treated for back pain by Dr. Ty Carter ("Dr. Carter") from December 30, 2002 through August 2004. R. at 177-83. Dr. Carter's notes indicate that an MRI of Plaintiff's lumbar spine revealed "extensive degenerative disk disease [at] L5-S1" and "a large herniated disk fragment which is right and paracentral that is pushing and completely effacing the nerve roots at that level." R. at 182, 184. After approximately six months of treatment, on July 7, 2003 Plaintiff asked Dr. Carter whether she could work. R. at 180. Dr. Carter indicated that Plaintiff could work "as tolerated" and that if Plaintiff were to get "vocational rehab for a different job, such as a sitting job, [Dr. Carter would] give her a statement saying that she needs to be doing sit down work." R. at 180.

Dr. Carter's treatment notes from October 7, 2003 indicate that Plaintiff should "continue with her vocational rehab and hopefully find a sitting job where she is not doing any heavy lifting or bending." R. at 179.

On April 27, 2007, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. R. at 11, 19. The ALJ made the following findings:

(1) The claimant has not engaged in substantial gainful activity since July 13, 2004, the alleged onset date (20 C.F.R. §§ 416.920(b) and 416.971 *et seq.*).

(2) The claimant has the following severe impairments: degenerative disc disease and degenerative joint disease of the lumbar spine with radiculopathy to the right lower extremity; neuropathy; morbid obesity; and depression (20 C.F.R. § 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity of no lifting and/or carrying over 20 pounds occasionally and 10 pounds frequently; no standing and/or walking over four hours in an eight-hour workday; only occasional stooping, twisting, crouching, kneeling, and climbing of stairs and ramps; no crawling, balancing or climbing of ladders or scaffolds; limited to simple, routine tasks; in a supervised environment; and with no required interaction with the public or "team"-type interaction with co-workers.

(5) The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).

(6) The claimant was born on November 7, 1969, and was 34 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 C.F.R. § 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 416.964).

(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.960(c) and 416.966).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since August 20, 2004, the date the application was filed (20 C.F.R. § 416.920(g)).

R. at 13, 17-19. The ALJ's decision indicated that Dr. Carter's statements had been given "significant weight." R. at 16. On August 1, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. R. at 1. As a result, the ALJ's decision became the final decision of Defendant. R. at 1.

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound

4

foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III. THE APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as: "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions that are to be asked during the course of a disability determination. The five questions are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant has an impairment that meets or equals one of the listings in the appropriate appendix; (4) whether the claimant is prevented by the impairment or combination of impairments suffered from engaging in their relevant past employment; and (5) whether the claimant has the ability to engage in other gainful activity considering their age, education, past relevant experience, and residual functional capacity. *See* 20 C.F.R. § 404.1520 (2007).

An individual may be determined not disabled at any step if found to be: gainfully employed, not severely impaired, not impaired under the Listing of Impairments, or capable of returning to former work. In such a case, no further inquiry is necessary. If, however, the claimant makes a showing at Step Four that return to past relevant work is not possible, the burden shifts to the Commissioner to come forward with evidence that the claimant can perform alternative work and that such work exists in the national economy. *Harper v. Bowen*, 854 F.2d 678 (4th Cir. 1988); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines (the "Grids") or by calling a vocational expert to testify. 20 C.F.R. § 404.1566. The Commissioner must prove both the claimant's capacity and the job's existence. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

## IV. DISCUSSION

The Commissioner objects to the Magistrate Judge's finding that the ALJ's determination that Plaintiff can perform "occasional" stooping, crouching and kneeling, contrary to Dr. Carter's opinion that Plaintiff should not do any bending, was not sufficiently explained in the ALJ's decision, requiring remand. The Comissioner contends that his final decision is supported by substantial evidence and should be affirmed.

Regulations require that all medical opinions in Social Security cases be considered by the Commissioner. 20 C.F.R. § 416.927(b). "[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Masto v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (citing 20 C.F.R § 416.927). However, ALJ's have "the discretion to give less weight to the testimony of a

6

treating physician in the face of *persuasive contrary evidence*." *Id.* (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (emphasis added); *see also* SSR 96-6p, 61 Fed. Reg. 34466-01, 34468 (an ALJ may accord more weight on the opinion of a non-treating physician than a treating physician in some limited situations). If an ALJ's assessment of a person's residual functional capacity ("RFC") "conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 61 Fed. Reg. 344-01, 34478. Fourth Circuit precedent indicates in particular that an ALJ must explain its reasons for disregarding the opinion of a treating physician. *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). In *DeLoatche*, the Fourth Circuit remanded a social security case so that an ALJ could adequately explain a decision denying benefits. *Id.* The *DeLoatche* court noted that the ALJ might have had cogent reasons for making his decision, but indicated that the failure to sufficiently articulate these reasons prevented meaningful judicial review. *Id.*; *see also Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)(the Commissioner must "include in the text of her decision a statement of the reasons for that decision.").

The ALJ found in his RFC assessment that Plaintiff could perform "occasional stooping, . . . crouching, [and] kneeling." These activities are types of bending. *See* SSR 85-15 at 7. Dr. Carter's notes indicate that Plaintiff should have a job with no bending. While the ALJ limited Plaintiff to sedentary work, which does not generally require crouching, *see* SSR 83-14 ("to perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch and would need to stoop only occasionally (from very little up to one-third of the time, depending on the particular job)."), the ALJ's finding is still inconsistent with Dr. Carter's opinion that Plaintiff should not perform any bending. The ALJ indicated that he accorded Dr. Carter's opinions significant weight, and did not explain why the bending limitation was rejected.

7

As such, the ALJ did not provide a complete statement of reasons for his RFC determination. Therefore, the court cannot properly assess whether the ALJ's RFC determination is based on substantial evidence and the case should be remanded for further explanation of the reasons behind the ALJ's rejection of Dr. Carter's bending limitation. *See DeLoatche*, 715 F.2d at 150; *Cook*, 783 F.2d at 1172.

No specific objections were made to the remainder of the Magistrate Judge's Report and Recommendation. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Nevertheless, the court has conducted a *de novo* review of the issues and finds no clear error on the face of the record.

## **CONCLUSION**

The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein by reference. Defendant's decision is reversed and remanded under 42 U.S.C. § 405(g) for a full explanation as to why the treating physician's bending limitation was rejected by the ALJ.

**IT IS SO ORDERED.**

                                          s/ Margaret B. Seymour
                                          Margaret B. Seymour
                                          United States District Judge

August 16, 2010
Columbia, South Carolina